UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

BLACKBOARD INSURANCE
COMPANY,

       Plaintiff,

v.                            Case No:  8:24-cv-01156-JLB-AEP

MIGUEL LAYUZA, and TARIK
ELMOHD,

       Defendants.

_____/

## ORDER

This is a dispute between Plaintiff Blackboard Insurance Company

("Blackboard") and Defendants Miguel Layuza ("Layuza") and Tarik Elmohd

("Elmohd").  It stems from an underlying state court lawsuit brought by Elmohd

against Layuza and his employer, Family Implant & Cosmetic Dentistry, PLLC

("FICD"), for an injury allegedly caused by Layuza at an event co-hosted by FICD.

(Doc. 1-3).  FICD's insurer, Blackboard, seeks a declaration from this Court that it

does not have a duty to defend or indemnify Layuza in the state lawsuit.  (Doc. 1).

Elmohd moves to dismiss and/or stay the proceedings.  (Doc. 8).  Blackboard

responded.  (Doc. 11).  After careful review of the Complaint, the parties' briefing,

and the entire record, the Court finds that Blackboard's Complaint is insufficient to

plead a claim for declaratory relief.  Accordingly, Elmohd's Motion is **GRANTED**.

# BACKGROUND

This action arises from a state court action brought by Elmohd against Layuza, FICD, Splitsville Holdings, LLC, Tampa Palms Dentistry, PLLC, RRR Dentistry Trinity, PLLC, FICD Holdings, LLC, and FRGR Holdings, LLC. (Doc. 1-3). Elmohd alleges that he attended an event co-hosted by FICD at Splitsville Lanes, a bowling alley. (*Id.* at ¶ 14). While he was bowling, Elmohd alleges that Layuza, an FICD employee, "threw his bowling ball between [Elmohd's] legs . . . result[ing] in the[ir] [bowling] balls colliding, crushing the small finger on [Elmohd's] right hand." (*Id.* at ¶ 21).

In the operative state court complaint, Elmohd claims that FICD was negligent because it "owed a duty of reasonable care to [Elmohd] as an invitee/guest of the Party," which it breached, resulting in Elmohd's injury. (*Id.* at ¶ 51).

Now, Blackboard, which insures FICD, "seeks a declaration that it owes no duty to defend or indemnify . . . Layuza" in the state action because Layuza was not acting within the scope of his employment with FICD at the time of the alleged incident and, therefore, the insurance policy does not impose such a duty on Blackboard. (Doc. 1 at ¶¶ 19–27). Elmohd moved to dismiss and/or stay Blackboard's action, arguing that Blackboard has failed to state a claim because it attempts to circumvent the parallel state court action, which could resolve the issue. (Doc. 8 at ¶¶ 7, 11). Blackboard responded. (Doc. 11).

## LEGAL STANDARD

To avoid dismissal, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  This "does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, (2007)).  "At the motion to dismiss stage, all well-pleaded facts are accepted as true, and the reasonable inferences therefrom are construed in the light most favorable to the plaintiff."  *Bryant v. Avado Brands, Inc.*, 187 F.3d 1271, 1274 n.1 (11th Cir. 1999) (citing *Hawthorne v. Mac Adjustment, Inc.*, 140 F.3d 1367, 1370 (11th Cir. 1998)).  Thus, the complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570).

## DISCUSSION

Courts have broad discretion to decide whether a declaratory judgment action should proceed. *See Otwell v. Alabama Power Co.*, 747 F.3d 1275, 1280 (11th Cir. 2014) (citing *Wilton v. Seven Falls Co.*, 515 U.S. 277, 286–88 (1995)) ("It is well established that district courts have exceptionally broad discretion in deciding whether to issue a declaratory judgment, and the remedy is not obligatory.").  "The Declaratory Judgment Act is 'an enabling Act, which confers a discretion on courts rather than an absolute right upon the litigant.'"  *Ameritas Variable Life Ins. Co. v. Roach*, 411 F.3d 1328, 1330 (11th Cir. 2005) (quoting *Wilton*, 515 U.S. at 287).

Thus, "it does not impose a duty to . . . make a declaration of rights." *Id.* (citing *Brillhart v. Excess Ins. Co. of America*, 316 U.S. 491, 494 (1942)).

When deciding whether to exercise discretion to allow a declaratory action, district courts must first examine if there is a pending parallel state court action. *See Ameritas Variable Life Ins. Co. v. Roach*, 411 F.3d at 1331. If there is, it is generally "uneconomical" and "vexatious" to allow the federal proceeding. *Brillhart v. Excess Ins. Co. of America*, 316 U.S. at 495. Still, regardless of whether the state court action is parallel, district courts "must weigh all relevant factors" to decide if the federal action should continue. *First Mercury Ins. Co. v. Excellent Computing Distributors, Inc.*, 648 F. App'x 861, 866 (11th Cir. 2016) (citing *Ameritas*, 411 F.3d at 1331) (listing nine factors for courts to analyze).

"In sum, a district court may exercise its discretion and decline to adjudicate a claim under the Declaratory Judgment Act even in the absence of parallel proceedings." *Nat'l Tr. Ins. Co. v. S. Heating & Cooling Inc*, 12 F.4th 1278, 1284–85 (11th Cir. 2021) (citing *Wilton*, 515 U.S. at 290) ("We do not attempt at this time to delineate the outer boundaries of that discretion in other cases, for example, cases raising issues of federal law or cases in which there are no parallel state proceedings.").

I.     **Whether the actions are parallel**.

Elmohd argues that the pending state action is parallel to the lawsuit here and, thus, the Court should exercise its discretion to dismiss the Complaint. (Doc. 8 at ¶ 11–13) (citing *Ameritas*, 411 F.3d at 1332) (holding that "the district court . . .

rightly abstain[ed] from the declaratory action in favor of the parallel state court action" where the district court concluded that "allow[ing] the declaratory action to proceed would amount to the unnecessary and inappropriate '[g]ratuitous interference' with the . . . pending state court action) (citations omitted).

However, the lawsuit before this Court is not parallel to the state court proceeding.  A parallel proceeding is "one involving substantially the same parties and substantially the same issues." *First Mercury Ins. Co.*, 648 F. App'x at 866 (citing *Ambrosia Coal & Const. Co. v. Pages Morales*, 368 F.3d 1320, 1330 (11th Cir. 2004)).  The parties here are not substantially similar to the parties in the state court action.[1]  *See Endurance Am. Specialty Ins. Co. v. L. Pellinen Constr., Inc.*, No. 618CV2154ORL37GJK, 2019 WL 5802508, at *2 (M.D. Fla. Nov. 7, 2019) (finding that the parties were not substantially similar where the defendants were party to the state court action but the insurer plaintiff seeking declaratory judgment that it did not have a duty to defend in the state proceeding was not, and several defendants involved in the state court action were left out of the federal action); *RBC Bank (USA) v. Dental Care All., LLC*, No. 8:11-CV-1950-T-AEP, 2012 WL 13106329, at *1 (M.D. Fla. Mar. 15, 2012) (explaining that the parties were not substantially similar because plaintiff brought action against "a completely different party" in the state action action).

---

[1] Though "[t]here is no clear test for deciding whether two cases contain substantially similar parties and issues, . . . the balance in these situations begins tilted heavily in favor of the exercise of the court's jurisdiction. Thus, if there is any substantial doubt about whether two cases are parallel the court should not abstain." *Acosta v. James A. Gustino, P.A.*, 478 F. App'x 620, 622 (11th Cir. 2012).

Even if the parties were substantially similar, Defendant's Motion fails because the issues are not. The dispute in this federal case is whether Layuza was acting within the scope of his employment with FICD when he allegedly injured Elmohd. (Doc. 1 at ¶¶ 19–27). The state court action does not raise this issue. (*See generally* Doc. 1-3). Indeed, Elmohd's state claims allege that the defendants breached their "duty of reasonable care to [Elmohd] as an invitee/guest of the Party" by not "ensur[ing] . . . that . . . guests were behaving in a safe and reasonable manner," not providing "sufficient staff," "allowing SPLITSVILLE to serve . . . [Layuza]," and "allowing [Layuza] to throw a bowling ball between [Elmodh's] legs . . . ." (*Id.* at ¶ 51). None of these allegations require Elmohd to prove that Layuza was acting within the scope of his employment at the time of the accident.

Therefore, the state and federal proceedings are not substantially the same and, thus, are not parallel.

## II.    Whether the *Ameritas* factors favor abstention.

Though the actions are not parallel, the Court next considers the *Ameritas* factors. *First Mercury Ins. Co. v. Excellent Computing Distributors, Inc.*, 648 F. App'x 861, 866 (11th Cir. 2016) ("[W]e have never held that the *Ameritas* factors apply only when reviewing parallel actions . . . . Rather, the district court must weigh all relevant factors in this case, even though the state and federal actions were not parallel.") (citing *Ameritas*, 411 F.3d at 1331).

In *Ameritas*, the Eleventh Circuit provided a list of factors for courts to consider when weighing the interests of the state and federal courts:

6

(1) the strength of the state's interest in having the issues raised in the federal declaratory action decided in the state courts;

(2) whether the judgment in the federal declaratory action would settle the controversy;

(3) whether the federal declaratory action would serve a useful purpose in clarifying the legal relations at issue;

(4) whether the declaratory remedy is being used merely for the purpose of "procedural fencing"—that is, to provide an arena for a race for res judicata or to achieve a federal hearing in a case otherwise not removable;

(5) whether the use of a declaratory action would increase the friction between our federal and state courts and improperly encroach on state jurisdiction;

(6) whether there is an alternative remedy that is better or more effective;

(7) whether the underlying factual issues are important to an informed resolution of the case;

(8) whether the state trial court is in a better position to evaluate those factual issues than is the federal court; and

(9) whether there is a close nexus between the underlying factual and legal issues and state law and/or public policy, or whether federal common or statutory law dictates a resolution of the declaratory judgment action.

*Ameritas*, 411 F.3d at 1131. The list is non-exhaustive and no one factor is controlling. *Id.*

"The first, fifth, and ninth *Ameritas* factors look to concerns of comity and the interest of the forum state in resolving the legal issues presented." *Geico Gen. Ins. Co. v. Pruitt*, No. 08-21623-CIV, 2009 WL 10666845, at *3 (S.D. Fla. Feb. 19, 2009). The first factor weighs heavily in favor of dismissal because

Florida courts have an interest in deciding issues under Florida law, and Florida law governs the interpretation of the insurance policy. Though "Florida courts [do not] 'have a particularly strong interest in deciding the coverage issues properly and exclusively before a federal court,'" this action brings only a state law issue. *Arch Specialty Ins. Co. v. Residences at the Bath Club Condo. Ass'n*, No. 20-23164-CIV, 2020 WL 6888312, at *4 (S.D. Fla. Sept. 22, 2020) (quoting *Philadelphia Indem. Ins. Co. v. AGCO Corp.*, No. 1:10-CV-4148-TWT, 2011 WL 2652139, at *3 (N.D. Ga. July 6, 2011). Because "[t]here is no federal nexus, save for the diversity of [the parties], . . . Florida has a strong interest in deciding the case." *See Celtic Ins. Co. v. Digestive Med. Histology Lab, LLC*, No. 19-24252-CIV, 2019 WL 13020860, at *5 (S.D. Fla. Dec. 20, 2019) (finding that the first *Ameritas* factor weighed in favor of abstention where the action before the federal court involved only state law issues and, therefore the state court had a strong interest in resolving them) (citing *Gregory Haskin Chiropractic Clinics, Inc. v. State Farm Mut. Auto. Ins. Co.*, 391 F. Supp. 3d 1151, 1155 (S.D. Fla. 2019) (same)).

For the same reason, the ninth factor weighs in favor of abstention. The Declaratory Judgment action "raises state law issues exclusively and implicates state public policy. There are no federal legal questions at issue in this federal declaratory action or the state court action. Therefore, this factor weighs heavily in favor of dismissal." *The Travelers Home & Marine Ins. Co.*

*v. Calhoun*, No. 5:13-CV-251-OC-22PRL, 2013 WL 12148861, at *7 (M.D. Fla. Oct. 25, 2013); *State Nat'l Ins. Co. v. Manny's Bulk Express, Inc.*, No. 21-23370-CIV, 2022 WL 19406463, at *3 (S.D. Fla. Sept. 26, 2022) (finding that "the ninth factor weighs in favor of abstention because there are no federal legal questions at issue in the declaratory action, only issues of state law").

"The fifth factor . . . 'favors abstention only where the applicable state law is particularly complex or best left for state courts to resolve.'" *Allstate Ins. Co. v. Auto Glass Am., LLC*, 418 F. Supp. 3d 1009, 1029 (M.D. Fla. 2019) (citing *Baker v. Warner/Chappell Music, Inc.*, 759 F. App'x 760, 764 (11th Cir. 2018)). Here, though the interpretation of the insurance contract is a state law issue, "federal courts are well equipped to decide contract cases under state law and routinely do so." *Baker*, 759 F. App'x at 764. Yet, it is also true that "this action would increase the friction between this Court and the state court" because "the claims involve state law." *Calhoun*, 2013 WL 12148861, at *6; *see also State Nat'l Ins. Co.*, 2022 WL 19406463, at *3 (finding that the fifth *Ameritas* factor favors abstention in part "because Florida law applies to the [c]ontroversy at issue"). Because the federal action deals only with a state law issue, but that issue is not particularly complex or novel to federal courts, this factor weighs slightly against abstention.

The second factor, whether the federal action would settle the state action, weighs against dismissal. This action would settle a contract interpretation dispute about whether Blackboard has a duty to defend or indemnify Layuza—an issue not

before the state court.

The third factor is neutral. "The usefulness of settling the insurance coverage controversy . . . is unclear where, as here, 'the ability to clarify the legal relationships involved is in no way unique to this federal declaratory action' and because the state court is 'fully equipped to resolve these questions and provide this clarification as well.'" *Balfour Beatty Constr., LLC v. Aspen Specialty Ins. Co.*, No. 1:23-CV-3627-MHC, 2023 WL 11779818, at *4 (N.D. Ga. Oct. 17, 2023) (quoting *Travelers Cas. & Sur. Co., Inc. v. E. Beach Dev., LLC*, No. 07-0347-WS-B, 2007 WL 3407049, at *8 (S.D. Ala. Nov. 9, 2007)).

As to the fourth factor, procedural fencing, Elmohd contends that Blackboard has brought this action to "rac[e] for *res judicata* on the issue of whether FICD is liable for [Layuza's] action at the Party." (Doc. 8 at ¶ 11). Elmohd does not elaborate on this argument, and there is nothing otherwise to suggest that Blackboard brought this action for this purpose. *See Underwriters at Lloyd's London v. Osting-Schwinn*, No. 8:05-CV-1460-17TGW, 2006 WL 947815, at *4 (M.D. Fla. Apr. 12, 2006) ("[T]here is no requirement to bring suit in a state court when the proper forum between such diverse parties is the Federal Court."). Thus, the fourth factor is irrelevant to this analysis.

The sixth factor examines whether an alternative to the Declaratory Judgment action is "better or more effective." *Ameritas*, 411 F.3d at 1131. Here, "[t]here is nothing to suggest that the state court remedy is 'better' or 'more effective' as both forums could address the declaratory judgment issues before the Court. However,

the state court is more appropriately suited to handle the purely state law issues presented by the Plaintiff's case." *Gregory Haskin Chiropractic Clinics, Inc.*, 391 F. Supp. 3d at 1156.  Thus, the sixth factor favors abstention.

The seventh and eighth factors consider "whether the underlying factual issues are important to an informed resolution of the case, and if so, whether the state trial court is in a better position to evaluate those factual issues than the federal court." *Mt. Hawley Ins. Co. v. Park Ave. At Metrowest, Ltd.*, No. 6:13-CV-556-ORL, 2013 WL 6858946, at *5 (M.D. Fla. Dec. 30, 2013).  The issue here deals with interpreting a contract under Florida law.  The "state court is better situated to analyze these Florida law issues than a federal court." *Gregory Haskin Chiropractic Clinics, Inc.*, 391 F. Supp. 3d at 1156; *see Calhoun*, 2013 WL 12148861, at *7 (explaining that the seventh and eighth *Amertias* factors favor abstention because, though the claims in the state action and the federal action are different, "there will be overlap between the factual circumstances giving rise to the . . . claims" and "[t]he state court is already familiar with the facts"); *Mt. Hawley Ins. Co.*, 2013 WL 6858946, at *5 (finding that the seventh and eighth factors favored abstention because "the state trial court is in a better position to evaluate any factual disputes relating to coverage").  Therefore, these factors weigh in favor of abstention.

On balance, the *Ameritas* factors support abstention.  Therefore, the Court declines to exercise its jurisdiction, and this case is due to be dismissed without prejudice.[2]  At bottom, the state court is well equipped to determine whether

---

[2] Elmohd asks this Court to dismiss and/or stay this case.  (*See* Doc. 8).  While

Blackboard has a duty to defend its insured, FICD, in a pending state lawsuit.

## CONCLUSION

Accordingly, it is **ORDERED**:

1. Elmohd's Motion to Dismiss and/or Stay Proceedings (Doc. 8) is **GRANTED**.

2. The Complaint (Doc. 1) is **DISMISSED without prejudice**.

3. The Clerk is **DIRECTED** to enter judgment accordingly, terminate any

   pending deadlines, and close the file.

   **ORDERED** in Tampa, Florida, on February 21, 2025.

_____

**JOHN L. BADALAMENTI**
UNITED STATES DISTRICT JUDGE

---

Blackboard generally opposes both, it does not argue that a stay is preferable. (*See* Doc. 11). "[N]umerous courts engaging in abstention have elected to dismiss the declaratory action without prejudice, rather than staying it." *United Specialty Ins. Co. v. Pulte Home Corp., Inc.*, No. 617CV467ORL41TBS, 2018 WL 3827640, at *4 (M.D. Fla. Mar. 28, 2018) (quoting *Calhoun*, 2013 WL 12148861, at *7).